1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD W. DACUS,

                Petitioner,

        v.

PEOPLE OF THE STATE OF
CALIFORNIA,

                Respondent.

Case No. 19-cv-00974-JST

**ORDER OF DISMISSAL**

Petitioner, an inmate at California Medical Facility, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the amended petition (ECF No. 6), Petitioner alleged the following grounds for federal habeas relief: (1) his continued incarceration violates the Eighth Amendment of the United States Constitution because he has been incarcerated for twenty-nine years which is beyond the matrix of terms in effect at the time that he was sentenced; (2) Petitioner did not receive the benefit of his plea agreement because, despite his minimum eligible parole date ("MEPD") having passed thirteen years ago and having paid the restitution fine, he remains incarcerated; and (3) Petitioner qualifies for re-sentencing because he is a youth offender. ECF No. 6 at 5. On September 23, 2019, pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court reviewed the amended petition and dismissed all three claims for failure to state a claim for federal habeas relief, but granted petitioner leave to amend Claim No. 2 to address the identified deficiency. *See* ECF No. 12. Petitioner was instructed that if he wished to file a second amended petition, he must do so by November 14, 2019. ECF No. 13. Petitioner was informed that the failure to file the second amended petition by the deadline would result in the amended petition being dismissed, without further notice to petitioner, for

failure to state any claim for federal habeas relief. ECF No. 12. The deadline has passed, and petitioner has not filed a second amended petition or otherwise communicated with the Court. Accordingly, the amended petition is DISMISSED for failure to state any claim for federal habeas relief.

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's denial of his claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The Clerk shall enter judgment in favor of respondent and against petitioner, and close this case.

**IT IS SO ORDERED.**

Dated: November 20, 2019



_____
JON S. TIGAR
United States District Judge